# ROBERT MARINELLI
### ATTORNEY AT LAW
### 305 BROADWAY, SUITE 1001
### NEW YORK, NEW YORK 10007
### (212) 822-1427
### Facsimile (212) 202-9646

May 31, 2018

**BY ECF**
Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Denmark v. City of New York, et al.*, 18 CV 1224 (CBA)(JO)

Your Honor:

  I represent Plaintiff, who writes pursuant to Your Honor's May 30, 2018 order and Rule 4 to respectfully request an extension of time to serve defendants Kerron Mondesir ("Mondesir"), Christian Sherlock ("Sherlock") and the City of New York ("City"). Counsel sincerely apologizes for his failure to effectuate proper service. Defendants consent to this request.

I. Background

  On February 27, 2018, Plaintiff filed the present action. On May 14, 2018, Plaintiff served defendants Marshall Winston ("Winston") and Nicholas Abergo ("Abergo"). See Dkt. No. 6. Pursuant to Rule 4(m), Plaintiff was required to serve the Individual Defendants within 90 days of filing the complaint. However, summonses were not properly served on Mondesir, Sherlock and the City. This failure was due to an oversight, caused, in significant part by, counsel's illness.[1]

II. Extending the Deadline for Service is Appropriate

  Rule 4(m) governs the extension of the deadline for service beyond the 90-day limit. The rule provides that courts shall extend the time for service if a plaintiff demonstrates "good cause." FED. R. CIV. P. 4(m). Here, Defendants' consent and notice of the claims against Mondesir, Sherlock and the City, as detailed below, supports a finding of good cause for Plaintiffs' untimely service of process.

  Even in the absence of good cause, the Court has the discretion to grant extensions of the time for service. See Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir.2007); Beauvoir v.

---

[1] Counsel, for the most part, was unable to work from late March through late April, and has been working part-time since. Counsel can provide additional information if the Court believes that it would be helpful.

U.S. Secret Serv., 234 F.R.D. 55, 58 (E.D.N.Y. 2006). Courts consider the following factors in deciding whether to grand this relief:

> (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.

Beauvoir, 234 F.R.D. at 58.

***First Factor.*** The statute of limitations does not bar the filing of a new action.

***Second Factor.*** Defendants had actual notice of the claims. The un-served defendants appeared on identical claims in the matter, 16-CV-7101 (MKB)(ST), filed on December 30, 2016. That matter was dismissed when counsel could not locate plaintiff[2].

***Third Factor.*** This factor is inapplicable because Mondesir, Sherlock and the City have yet to be served in this case.

***Fourth Factor.*** Defendants will not be prejudiced by an extension of time. Having served defendants Winston and Abergo, defendants' counsel is, or will be, already engaged in active litigation of this matter. The work required to represent the served defendants is identical to that which would be required by the un-served defendants. Even if the Court provides a substantial extension (which is not needed or requested here), service will be achieved well within the three-year statute of limitations ending October 12, 2018.

III.  Extending the Deadline Will Allow the Litigation to Be Resolved On Its Merits

Finally, granting Plaintiffs a discretionary extension furthers the principle that litigation should generally be resolved on the merits. See Cody v. Mello, 59 F.3d 13, 15 (2d Cir.1995); Carroll v. Certified Moving & Storage, Co., LLC, No. 04 Civ. 4446ARR, 2005 WL 1711184, at *3 (E.D.N.Y. July 19, 2005).

Thank you for Your Honor's attention to this matter. Counsel acknowledges his error and asks that his shortcoming not prejudice his client.

Respectfully submitted,

/s

Robert Marinelli

---

[2] Plaintiff had lost his apartment and did not reside in a permanent location.